UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JENNIFER RESTO, | | CIVIL ACTION NO. |
|     Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | COMPLAINT |
| THREE THREE THREE BROAD, LLC | : | |
| d/b/a STAR AUTO SALES and | : | |
| PERSIAN ACCEPTANCE CORP., | : | |
|     Defendants | : | October 14, 2015 |

## I.  INTRODUCTION

1.       This is a suit brought by a consumer regarding the purchase and sale, and

repossession, of a motor vehicle.  Plaintiff brings this action to recover actual, statutory,

and punitive damages, reasonable attorney's fees, and costs from the defendant, Three

Three Three Broad, LLC d/b/a Star Auto Sales ("Star Auto"), for engaging in a "yo-yo"

sale of a motor vehicle, also known as a spot delivery.  The illegal, unfair and deceptive

actions engaged in consisted of first representing to Plaintiff that she had been

approved for financing on the purchase of a car, then entering into a Retail Purchase

Order and Retail Installment Contract and Security Agreement for the sale of a vehicle

to Plaintiff, then accepting a $3,000 deposit from Plaintiff, then delivering possession of

the vehicle to Plaintiff, and thereafter repossessing the Vehicle, and then re-selling the

Vehicle without providing the required notices or accounting to Plaintiff for the proceeds.

2.       Plaintiff alleges that Star Auto's conduct violated the Truth in Lending Act,

15 U.S.C. § 1601 *et seq.* ("TILA"); the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et*

*seq.* ("ECOA"); the foreclosure provisions of the Connecticut Retail Installment Sales

Financing Act, Conn. Gen. Stat. § 36a-785 ("RISFA"); Article 9 of the Uniform

Commercial Code ("UCC"), Conn. Gen . Stat. §§42a-9-101 *et seq.;* the Connecticut

Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat §42-110a *et seq.*; and also

constituted fraudulent misrepresentation, negligent misrepresentation, and breach of

contract.

## II. <u>PARTIES</u>

3.      Plaintiff is a consumer and natural person residing in Meriden,

Connecticut.

4.      Defendant Star Auto is a Connecticut limited liability company that

operates a used automobile dealership in Meriden, Connecticut.

5.      Defendant Persian Acceptance Corp. ("Persian") is a foreign corporation

with a business address in Wakefield, Massachusetts that engages in, among other

things, accepting assignment of retail installment sales contracts.

## III. <u>JURISDICTION</u>

6.      Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331.

Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

7.      This court has jurisdiction over Star Auto because it is a Connecticut

limited liability company that regularly conducts business in this state.

8.      This Court has jurisdiction over Persian because it regularly does

business in Connecticut.

9.      Venue in this court is proper, because the Plaintiff resides in Connecticut,

and the claims involve a transaction that occurred in Connecticut.

## IV. FACTUAL ALLEGATIONS

10.     Star Auto, as part of its regular business practice, sells vehicles to consumers who require financing.

11.     Consumers who finance their purchases have two options.  They can either obtain financing directly from a lender and deliver the loan proceeds to Star Auto, who would treat the transaction in much the same fashion as a cash purchase. Alternatively, consumers can finance their purchases by entering into retail installment contracts directly with Star Auto.

12.     Star Auto generally does not retain possession of the retail installment contracts, but instead it assigns the retail installment contracts to third party banks or finance companies, who pay Star Auto in return for the assignment.

13.     Generally, prior to providing a consumer with a retail installment contract and prior to delivering possession of a vehicle to a consumer, Star Auto will obtain an agreement from a bank or finance company that it will accept assignment of the retail installment contract.

14.     Occasionally, Star Auto is unable to obtain a firm commitment to accept assignment of a vehicle at the time that a consumer is ready and willing to proceed with a financed purchase.

15.     In some instances, in order to avoid losing the sale, Star Auto will provide a consumer with a retail installment contract in the hope that it will subsequently assign the contract to a finance company.

16.     In those instances, Star Auto has a general business practice of seeking to bind the consumer to the transaction even though it does not intend to honor the retail installment contract if it is unable to assign it to a third party.

17.     Prior to February 25, 2015, Plaintiff visited Star Auto's website and completed a credit application for the purpose of purchasing a vehicle.

18.     Jeanine from Star Auto called Plaintiff and told her she was preapproved to purchase a vehicle and instructed Plaintiff to go into the dealership to speak with a sales person.

19.     Plaintiff returned to Star Auto and met with Liza Gonzalez, a sales representative.

20.     Plaintiff and Gonzalez discussed Plaintiff's needs and the financing of a vehicle, but no purchase was made at that time, as Gonzalez indicated that Star Auto would need to work on the credit approval.

21.     Gonzalez later called Plaintiff and told her that she could be approved to purchase a 2011 Mitsubishi Galant (the "Vehicle") that was currently in Star Auto's show room.

22.     Plaintiff went to Star Auto on February 25, 2015 to look at the Vehicle.

23.     Plaintiff was informed that, as a condition of credit approval, she would be required to pay off the balance owed on another motor vehicle, which Plaintiff agreed to do at a cost of approximately $1,100.

24.     Plaintiff entered into a Purchase Order and a Retail Installment Contract (the "Contract") to purchase the Vehicle.

25.     The Contract listed the "Buyer" as Plaintiff and the "Seller" as Star Auto Group LLC.

26.     The Contract included a service contract, which Star Auto informed Plaintiff she was required to purchase as a condition of financing at a cost of $914.

27.     The $914 charge was itemized in the Contract as part of the amount financed and was not included as part of the finance charge or in calculating the annual percentage rate.

28.     The Contract referenced an assignment to Persian and, on information and belief, the Contract was assigned to Persian.

29.     Plaintiff bases her allegation that the Contract was assigned to Persian upon statements by representatives of Star Auto that the Contract was assigned to Persian and based upon her later conversations with representatives of Star Auto and Persian, as detailed below, concerning Persian's desire to take possession of the Vehicle from Plaintiff.

30.     On or about March 6, 2015, Gonzalez called Plaintiff and informed her that Star Auto had lost some of the documents that Plaintiff had provided in support of her credit application prior to purchasing the Vehicle, and she requested that Plaintiff send them.

31.     Plaintiff advised that she would need to request some of the documents from third parties and that she would obtain them and forward them as soon as possible.

32.     On March 9, 2015, when Plaintiff was out of state on a vacation with her husband and one of her children, she received a telephone call from a man who

identified himself as a manager of Star Auto and who advised that he was looking for these documents.

33.     Plaintiff said that she had already discussed the documents with Gonzalez and that she would send them as soon as she could, and she expressed her frustration that Star Auto had misplaced the documents.

34.     The man responded that it was Persian that had lost the documents, and he stated that she needed to send the documents immediately.

35.     Plaintiff explained that she was on vacation in New Jersey, that she needed to get some of the documents from third parties, that some of the documents had already been requested and were being mailed to her, and that she should have them later that week.

36.     Shortly afterwards, Plaintiff received a phone call from an individual who identified himself as a representative of Persian and who repeated the request for the documents.

37.     Plaintiff again explained that she was on vacation and would not be able to provide the documents until later in the week.

38.     The Persian representative also told her that Persian required evidence that she had a checking account with a bank.

39.     Plaintiff did not have a checking account with a bank and had previously so advised Star Auto, and she so informed the Persian representative.

40.     The Persian representative accused Plaintiff of having lied to obtain credit approval and told her that she was required to immediately return the Vehicle to Star Auto.

41.     The Persian representative stated that Persian was no longer interested in doing business with her, that the Vehicle did not belong to her, and that she needed to immediately drive it to Star Auto and leave the Vehicle there.

42.     Plaintiff was extremely upset and became concerned that the Vehicle would be reported as stolen.

43.     Plaintiff called Star Auto later that day, and she spoke with the man who had called her earlier.

44.     This Star Auto representative confirmed that Persian wanted the Vehicle back and that she had to return it.

45.     Fearful that the Vehicle would be repossessed, she cut her vacation short and returned to Connecticut, and she returned the Vehicle to Star Auto.

46.     Star Auto or Persian retook possession of the Vehicle from Plaintiff, even though she was in full compliance with all of her obligations under the Contract and the first payment under the Contract was not yet due.

47.     Plaintiff was ready, willing, and able to make her payments under the Contract.

48.     Star Auto re-sold the Vehicle to another purchaser in or about July 2015.

49.     Neither Star Auto nor Persian have provided Plaintiff with any notices in connection with the repossession or sale of the Vehicle.

50.     Neither Star Auto nor Persian have provided Plaintiff with any notices in connection with the denial of Plaintiff's credit application or the retraction of the credit that Star Auto and Persian had previously extended to her.

## V.     CAUSES OF ACTION

### a. Truth in Lending Act – Star Auto

51.     To the extent that the extension of credit to Plaintiff was conditional, Star Auto violated TILA because it understated the Annual Percentage Rate, in that the monthly payments presume the extension of credit as of the date of the contract.

52.     Star Auto further violated TILA because it failed to mark the conditional credit terms as estimates.

53.     Star Auto further violated TILA because it did not include the $914 cost for the service contract as part of the finance charge or include it in the calculation of the annual percentage rate.

54.     Star Auto is liable for statutory damages of $2,000 for its violations of TILA.

### b. Equal Credit Opportunity Act - Star Auto and Persian

55.     In revoking credit that had been previously granted as evidenced by the Contract, and in taking Plaintiff's Vehicle without her consent, Star Auto and Persian took adverse action against Plaintiff as defined in U.S.C. § 1691d(6) of the ECOA.

56.     In violation of 15 U.S.C. § 1691d(1) and (2) of the ECOA, Star Auto and Persian failed to provide Plaintiff with written notification as to the reasons for the adverse action and failed to provide her with written notification of (a) Plaintiff's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification and (b) the identity of the person or office from which such a statement may be obtained.

57.     As a proximate result of the violations of the ECOA, Plaintiff suffered embarrassment, humiliation, mental distress and inconvenience, and she lost possession of his vehicle.

58.     The acts complained herein were done by Star Auto and Persian intentionally, purposefully and/or in reckless disregard of Plaintiff's rights.

59.     Star Auto and Persian are also liable to Plaintiff for statutory punitive damages in an amount not greater than $10,000 pursuant to 15 U.S.C. § 1691e(b).

### c. Retail Installment Sales Financing Act - Star Auto & Persian

60.     Star Auto and Persian repossessed the Vehicle before Plaintiff's first installment payment was due under the Contract.

61.     Star Auto and Persian repossessed the Vehicle without notice to Plaintiff.

62.     Star Auto and Persian failed to provide Plaintiff with written notice of the repossession under Conn. Gen. Stat. § 36a-785(c).

63.     Star Auto and Persian failed to provide Plaintiff with notice of the date and time of the public disposition of her Vehicle or, if the disposition was by private sale, with notice that the disposition would be by private sale and the date after which a private sale would be conducted, as required by Conn. Gen. Stat. § 36a-785(d).

64.     Star Auto and Persian failed to provide Plaintiff with notice of the disposition of the proceeds of the sale of the Vehicle and failed to account to her for any surplus, in violation of Conn. Gen. Stat. § 36a-785(e).

65.     Star Auto and Persian are liable to Plaintiff for the greater of her actual damages or one-quarter of the amount that she has paid under the retail installment contract, or $750 (25% of $3,000) pursuant to Conn. Gen. Stat. § 36a-785(i).

9

### d. UCC Article 9 Violations - Star Auto and Persian

66.     Star Auto and Persian repossessed the Vehicle before Plaintiff's first installment payment was due under the Contract.

67.     Star Auto and Persian disposed of the Vehicle and failed to provide Plaintiff with written notice of the date and time of the public disposition of her vehicle or, if the disposition was by private sale, with notice that disposition would be by private sale and the date after which a private disposition would take place, as required by Conn. Gen. Stat. § 42a-9-613 and § 42a-9-614.

68.     Star Auto and Persian are liable to Plaintiff pursuant to Conn. Gen. Stat. § 42a-9-625(c)(2) for an amount equal to the credit service charge of $4,940.58 plus ten percent of the principal amount of the amount financed as shown on the Retail Installment Sales Contract, which amount equals $1,129.84 (10% x $11,298.38), for a total amount of $ 6,070.42.

### e. Connecticut Unfair Trade Practices Act - Star Auto and Persian

69.     The actions of Star Auto and Persian in representing to Plaintiff that she had been approved for financing on the purchase of the car, then delivering the possession of the Vehicle to Plaintiff, and then repossessing the Vehicle and reselling the Vehicle without notice to Plaintiff, and its other conduct as previously alleged, constituted unfair and deceptive acts in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et. seq*.

70.     Plaintiff has suffered an ascertainable loss in that she paid a down payment for the purchase of the Vehicle, she purchased and installed parts including

wiper blades and a starter for the vehicle, and she paid a down payment towards the purchase of the Vehicle which Star Auto retained, she prepaid a loan balance owed on another vehicle before that payment became due, and she was forced to return early from a vacation due to Star Auto's and Persian's demands that she return the Vehicle. Additionally, Plaintiff has lost the use and value of the Vehicle.

71.     For Star Auto's and Persian's violations of CUTPA, Plaintiff seeks actual damages, punitive damages and a reasonable costs and attorney's fee.

### f. Negligent Misrepresentation – Star Auto

72.     The actions of Star Auto, acting through its duly authorized employees for whose actions it is liable, in representing to Plaintiff that her credit application had been approved by Persian, its delivery of possession of the Vehicle to Plaintiff, and thereafter repossessing the Vehicle before the first payment became due, constituted a negligent misrepresentation in that Star Auto's agents and employees, while acting within the scope of their authority as agents and employees for Star Auto, failed to exercise reasonable care or competence in obtaining or communicating proper information regarding the financing of Plaintiff's Vehicle and thereby supplied false information for the guidance of Plaintiff in purchasing the Vehicle, and caused Plaintiff, by her justifiable reliance upon this information, to suffer pecuniary loss.

73.     The actions of Star Auto have caused Plaintiff damages in that she has lost the use and value of the Vehicle and was without reliable transportation, and she had incurred costs in replacing the vehicle's wiper blades and purchasing a starter.

74.     Plaintiff has suffered emotional distress, aggravation, and embarrassment because of the defendant's actions.

### g. Fraudulent Misrepresentation – Star Auto

75.     The actions of Star Auto, acting through its duly authorized employees for whose actions it is liable, in representing to Plaintiff that her credit application had been approved by Persian, its delivery of possession of the Vehicle to Plaintiff, and thereafter repossessing the Vehicle before the first payment became due, constituted a fraudulent misrepresentation in that Star Auto, by its duly authorized agents and employees, made a false representation as to the financing approval of the Vehicle, which representation was made as a statement of fact, though it was untrue and known to be untrue by Star Auto's agents and employees who were acting within the scope of its authority and employment when they made the representation, and they were made to induce Plaintiff to act upon them, and Plaintiff did act upon the false representations to Plaintiff's injury.

76.     The actions of Star Auto have caused Plaintiff damages in that she has lost the use and value of the Vehicle.

77.     Plaintiff also suffered emotional distress, aggravation, and embarrassment because of Star Auto's actions.

12

**Wherefore, Plaintiff claims** damages, statutory damages under TILA, actual and punitive damages under ECOA, minimum damages pursuant to Conn. Gen. Stat. § 36a-785(i), minimum damages under Conn. Gen. Stat. § 42a-9-625, actual and punitive damages under CUTPA, and such other further relief to which Plaintiff is entitled at law or in equity.

PLAINTIFF, JENNIFER RESTO

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax. (860) 571-7457
    dblinn@consumerlawgroup.com